# EXHIBIT 1

## **VERIFICATION**

I, Dominica J. Minore, declare as follows:

1. I am the attorney for National Security Exchange, LLC ("National"), one of the named defendants in this action.

2. The Complaint, Summons and Certificate on Arbitration constitute all of the pleadings and process received by National to date and filed in the civil action filed in Yuma County Superior Court Case No. S1400-CV2017-00111.

3. True and correct copies of all pleadings and other filings in the above state court action, including a true and correct copy of the Yuma County Superior Court Case Docket for the action identifying such filings, are attached hereto at Exhibit "A."

I declare under penalty of perjury the foregoing to be true and accurate to the best of my knowledge, information and belief.

Dated this 23rd day of March, 2017.

_____
DOMINICA J. MINORE, ESQ.

# EXHIBIT 1(A)

# Public Access to Court Information - Case Search

## Case Information

| | | | |
|---|---|---|---|
| Case Number: | S-1400-CV-201700111 | | |
| Title: | CHARLES A GULDEN PLAINTIFF v | Category: | Civil |
| Court: | Yuma County Superior | Filing Date: | 2/17/2017 |
| Judge: | | Disposition Date: | |

**ENSURETY ADMINISTRATIVE SERVICES INC**   DEFENDANT  -  D 2

**CHARLES A GULDEN**   PLAINTIFF  -  P 1                                                                Date of Birth: 08/1952

**NATIONAL SECURITY EXCHANGE LLC**   DEFENDANT  -  D 1

## Case Activity

| Date | Description | Party |
|---|---|---|
| 2/17/2017 | SUMMONS: SUMMONS | D 2 |
| 2/17/2017 | COMPLAINT: Complaint | P 1 |
| 2/17/2017 | ARBITRATION: CERTIFICATE OF COMPULSORY ARBITRATION - IS NOT | P 1 |
| 2/17/2017 | SUMMONS: SUMMONS | D 1 |

**NOTES:**
**Internet Explorer 10 Users: Case details will not display properly unless you switch to Compatibility View. How?**
**The following case types are excluded from search results:** sealed cases, cases involving un-served Orders of Protection, mental health and probate cases, victim and witness data. Juvenile incorrigible/delinquency case information also cannot be viewed on this website; however other types of cases in which juveniles are parties, such as traffic cases, may be displayed. Certain administrative functions carried out by superior court clerk's offices in each county are not included in this website, such as passport application processing and private process server registration. **Charges stemming from local ordinance violations are not included.**

**Please be aware of the following limitations of the case records displayed:**
• The information may not be a current, accurate, or complete record of the case.
• The information is subject to change at any time.
• The information is not the official record of the court.
• Not all cases from a participating court may be included.
• The information should not be used as a substitute for a thorough background search of official public records.

**The user is responsible for verifying information provided on this website against official court information filed at the court of record.** Use of this website shall indicate agreement by the user that the Arizona judiciary, including its courts, divisions, officers, and employees, shall not be liable for any loss, consequence, or damage resulting directly or indirectly from the use of any of the information available through this website and that the Arizona judiciary does not provide any warranty, express or implied, that the information provided is accurate, current, correct, or complete.

Data available on this web site is updated frequently and can be provided via electronic media for an annual subscription fee. If interested, please Contact Us.

**Case info is updated on this website weekly. Information is updated each Friday to reflect case information through the Wednesday of the same week.**

Person Filing: _Charles A. Gulden_
Mailing Address (if not protected): _11802 E 28th Pl_
City, State, Zip Code: _Yuma, AZ 85367_
Telephone: _928-782-5182_
Email Address: _chasinyuma@hotmail.com_
ATLAS Number: _____
Lawyer's Bar Number: _____

Representing ☑ Self, without a Lawyer  or  ☐ Attorney for  ☐ Petitioner  OR  ☐ Respondent

# SUPERIOR COURT OF ARIZONA
# IN YUMA COUNTY

_CHARLES A. GULDEN_
**Name of Petitioner**

Case No.: _S1400CV201700111_

## SUMMONS

And

_NATIONAL SECURITY EXCHANGE, LLC_
**Name of Respondent**

**WARNING: This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help.**

**FROM THE STATE OF ARIZONA TO:** _NATIONAL SECURITY EXCHANGE, LLC_
**Name of Respondent**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court, and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to the:

    Yuma County Justice Center
    Clerk of the Superior Court
    250 West 2nd Street, Suite B
    Yuma, Arizona 85364

Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons.

3. If this "*Summons*" and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your "*Response*" or "*Answer*" must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this "*Summons*" and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4. You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer Service Center at:

   Yuma County Justice Center
   Clerk of the Superior Court
   250 West 2nd Street, Suite B
   Yuma, Arizona 85364

5. If this is an action for dissolution (divorce), legal separation or annulment, either or both spouses may file a *Petition for Conciliation* for the purpose of determining whether there is any mutual interest in preserving the marriage or for Mediation to attempt to settle disputes concerning legal decision-making (custody) and parenting time issues regarding minor children.

6. Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

7. Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this date FEB 1 7 2017

LYNN FAZZ, CLERK OF COURT

By: *[signature]*
Deputy Clerk

©Superior Court of Arizona in Yuma County
ALL RIGHTS RESERVED

Page 2 of 2

DR11f_090413

Person Filing: _Charles A Gulden_
Address (if not protected): _11803 E 28th Pl_
City, State, Zip Code: _Yuma AZ 85367_
Telephone: _928-782-5182_
Email Address: _chasingyuma@hotmail.com_
Lawyer's Bar Number: _____
Representing ☑ Self, without a Lawyer or ☐ Attorney for ☐ Petitioner OR ☐ Respondent

FILED
2017 FEB 17 PM 2 49
LYNN FAZZ
CLERK OF SUPERIOR COURT
FOR CLERK'S USE ONLY

# SUPERIOR COURT OF ARIZONA
# IN YUMA COUNTY

_CHARLES A GULDEN_

PLAINTIFF,

VS.

_National Security Exchange, LLC_
_&_
_Ensurety Administrative Srvs(?), Inc_
DEFENDANT.

Case Number: S1400CV20 _1700111_

## CERTIFICATE OF COMPULSORY ARBITRATION

The undersigned certifies that the largest award sought by the complainant, including punitive damages, but excluding interest, attorneys' fees, and costs does / **does not** exceed limits set by Local Rule for compulsory arbitration. This case **is** / is not subject to the Uniform Rules of Procedure for Arbitration.

SUBMITTED this _17th_ day of _February_, 20_17_.

BY _Charles A. Gulden_

Page 1 of 1

Charles A. Gulden
11802 E. 28th Pl
Yuma, AZ 85367
Phone: 928-782-5182
Email: chasinyuma@hotmail.com

FILED
2017 FEB 17 PM 2:49
LYNN FAZZ
CLERK OF SUPERIOR COURT
YUMA ARIZONA 85364

IN THE YUMA COUNTY SUPERIOR COURT

STATE OF ARIZONA

CHARLES A. GULDEN,

Plaintiff,

vs.

NATIONAL SECURITY EXCHANGE, LLC,

&

ENSURETY ADMINISTRATIVE SERVICES, INC.

Defendants.

Case No.: S1400CV201700111

COMPLAINT (CIVIL)

JURY TRIAL REQUESTED

DIV 3

## JURISDICTION AND VENUE

1. This claim arises from tort and is made pursuant to the federal Telephone Consumers Protection Act (TCPA), 47 U.S.C. §227, and its Federal Communications Commission (FCC) TCPA implementing regulation, 47 C.F.R. §1200.

2. Plaintiff, Charles A. Gulden, resides in Yuma County, Arizona. Defendant National Security Exchange, LLC, is a Delaware corporation doing business as AutoCare that conducts business activities within or into the state of Arizona. Defendant Ensurety Administrative Services, Inc., is a Delaware corporation that conducts business activities within or into the state of Arizona. All acts complained of herein occurred on Plaintiff's residential telephone located in Yuma County, Arizona.

COMPLAINT (CIVIL) JURY TRIAL REQUESTED - 1

## FACTUAL ALLEGATIONS

3. During the period of 6 December 2016 through 12 December 2016 Defendants, Defendants' agents or parties acting on behalf of the Defendants initiated 13 separate telephone calls with a caller-ID of 928-433-2086 to Plaintiff's residential telephone ending in 5182 for the purpose of soliciting for their products and services.

4. When Plaintiff answered Defendants' telephone calls or listened to his voicemails from Defendants Plaintiff heard an artificial or prerecorded voice message.

5. Defendants, Defendants' agents or parties acting on behalf of the Defendants initiated the above cited calls using an artificial or prerecorded voice to deliver a message to Plaintiff regarding Defendants' services without Plaintiff's prior express consent.

6. When Plaintiff answered his telephone Plaintiff heard distinctive 'click and pause' and other sounds and indications after having answered that were indicative of an "automatic telephone dialing system" (ATDS).

7. Defendants, Defendants' agents or parties acting on behalf of the Defendants initiated the above cited calls utilizing an ATDS as defined by 47 U.S.C. § 227(a)(1) without Plaintiff's prior express consent.

8. Plaintiff was not a customer of Defendants and had not previously provided any personal information, including his home telephone number, to Defendants nor had Plaintiff purchased or used any goods or services offered by Defendants at any time prior to the calls that are complained of herein.

9. Defendants' calls constituted calls that were not for emergency purposes.

10. Defendants, Defendants' agents or parties acting on behalf of the Defendants failed, at the beginning of the message, to state clearly the identity of the business, individual or other

COMPLAINT (CIVIL) JURY TRIAL REQUESTED - 2

entity responsible for initiating the calls and artificial or prerecorded messages.

11. For more than thirty-one (31) days prior to Defendant's call to Plaintiff's residential telephone, Plaintiff's residential telephone number was registered on the national Do-Not-Call registry in which the federal government documents the telephone numbers of persons who do not wish to receive such telephone solicitations.

12. Defendants', Defendants' agents' or parties acting on behalf of the Defendants calls were an annoyance, distraction and disturbance to Plaintiff and invasion of Plaintiff's privacy.

### TCPA VIOLATIONS 1-13

13. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. The foregoing calls initiated by or on behalf of Defendants constitute thirteen (13) separate negligent violations of the TCPA pursuant to 47 U.S.C. § 227(b)(1)(B).

15. The foregoing calls initiated by or on behalf of Defendants constitute knowing and/or willful violations of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages for each separate violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

### TCPA VIOLATIONS 14-26

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Independent of the violation cited above, the foregoing calls initiated by or on behalf of Defendants constitute an additional thirteen (13) separate negligent violations of the TCPA pursuant to 47 U.S.C. § 227(c) and 47 C.F.R § 64.1200(c)(2), in that the calls were initiated to the Plaintiff's residential telephone number while it was registered on the national Do Not Call Registry.

COMPLAINT (CIVIL) JURY TRIAL REQUESTED - 3

18. The foregoing calls initiated by Defendants constitute knowing and/or willful violations of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages for each separate violation, pursuant to 47 U.S.C. § 227(c)(5)(C).

### TCPA VIOLATION 27-39

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Independent of the violations cited elsewhere in this Complaint, Defendants' failure to state clearly, at the beginning of the artificial or prerecorded voice messages, the identity of the business, individual, or other entity that was responsible for initiating the calls to Plaintiff's residential telephone constitutes an additional thirteen (13) separate violations of the TCPA pursuant to 47 U.S.C. § 227(d)(3)(A).

21. Defendants' foregoing failure to state clearly, at the beginning of the artificial or prerecorded voice message, the identity of the business, individual, or other entity that was responsible for initiating the calls to Plaintiff's residential telephone was willful, entitling Plaintiff to an award of $1,500.00 in statutory damages for each separate violation pursuant to 47 U.S.C. § 227(b)(3)(C).

### TCPA VIOLATION 40

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. On 12 December 2016 Plaintiff made a specific request to Defendants' agent or employee for Plaintiff's telephone number to be added to Defendants' internal Do Not Call list, and Plaintiff specifically requested that a copy of the Defendant's written policy for maintaining a Do Not Call list be made available to him.

COMPLAINT (CIVIL) JURY TRIAL REQUESTED - 4

24. Defendants' agent or employee stated that Defendants had no written policy for maintaining a Do Not Call list, and subsequent to Plaintiff's foregoing requests Defendants have not provided or made available the requested copy of their written policy to Plaintiff.

25. Independent of the violations cited elsewhere in this Complaint, Defendants 'failure to establish and implement written procedures to comply with the national Do Not Call rules and provide or make available upon demand a copy of their written policy for maintaining a Do Not Call list to the Plaintiff constitute willful violations of 47 C.F.R. § 1200(c)(2)(i)(A) and 47 C.F.R. § 1200(d)(1), entitling Plaintiff to an award of $1,500.00 in statutory damages pursuant to 47 U.S.C. § 227(c)(5)(C).

### TCPA VIOLATION 41

26. Independent of the violations cited elsewhere in this Complaint, Defendants' numerous and multiple violations of the TCPA in respect to the Do Not Call implementing regulations within 47 C.F.R. §1200 indicate that Defendants have failed to train their personnel or others acting on their behalf in procedures established pursuant to the National Do Not Call Registry and rules, pursuant to 47 U.S.C. 227(c)(2), 47 C.F.R. §1200(c)(2)(i)(B) and 47 C.F.R. §1200(d)(2).

25. Defendants' failure to train their personnel and any entity assisting in their compliance in procedures established pursuant to the national Do Not Call Registry and rules constitutes knowing and willful violation of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages, pursuant to 47 U.S.C. § 227(c)(5)(C).

### RELIEF REQUESTED

26. Plaintiff seeks monetary damages based on treble the amount of Five Hundred Dollars ($500.00) for each of the forty-one (41) separate TCPA violations complained of herein

COMPLAINT (CIVIL) JURY TRIAL REQUESTED - 5

in the total amount of Sixty-one Thousand Five Hundred Dollars ($61,500.00). Plaintiff further claims post judgment interest, court costs and other expenses in connection with this case.

**JURY DEMAND**

27. Plaintiff respectfully requests trial by jury.

Dated this 17th day of February, 2016.

*/s/ Charles A. Gulden*
Charles A. Gulden

COMPLAINT (CIVIL) JURY TRIAL REQUESTED - 6

Person Filing: *Charles A. Gulden*
Mailing Address (if not protected): *11802 E. 28th Pl*
City, State, Zip Code: *Yuma, AZ 85367*
Telephone: *928-782-5182*
Email Address: *chasinyuma@hotmail.com*
ATLAS Number: _____
Lawyer's Bar Number: _____

Representing ☒ Self, without a Lawyer or ☐ Attorney for ☐ Petitioner OR ☐ Respondent

# SUPERIOR COURT OF ARIZONA
# IN YUMA COUNTY

*Charles A. Gulden*
Name of Petitioner

Case No.: S1400CV201700111

## SUMMONS

And

*Ensurety Administrative Services, Inc.*
Name of Respondent

> **WARNING:** This is an official document from the court that affects your rights. Read this carefully. If you do not understand it, contact a lawyer for help.

FROM THE STATE OF ARIZONA TO: *Ensurety Administrative Services, Inc*
Name of Respondent

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers are served on you with this *"Summons"*.

2. If you do not want a judgment or order taken against you without your input, you must file an *"Answer"* or a *"Response"* in writing with the court, and pay the filing fee. If you do not file an *"Answer"* or *"Response"* the other party may be given the relief requested in his/her Petition or Complaint. To file your *"Answer"* or *"Response"* take, or send, the *"Answer"* or *"Response"* to the:

    Yuma County Justice Center
    Clerk of the Superior Court
    250 West 2nd Street, Suite B
    Yuma, Arizona 85364

Mail a copy of your *"Response"* or *"Answer"* to the other party at the address listed on the top of this Summons.

3. If this *"Summons"* and the other court papers were served on you by a registered process server or the Sheriff, within the State of Arizona, your *"Response"* or *"Answer"* must be filed within TWENTY (20) CALENDAR DAYS from the date you were served, not counting the day you were served. If this *"Summons"* and the other papers were served on you by a registered process server or the Sheriff outside the State of Arizona, your Response must be filed within THIRTY (30) CALENDAR DAYS from the date you were served, not counting the day you were served. Service by a registered process server or the Sheriff is complete when made. Service by Publication is complete thirty (30) days after the date of the first publication.

4. You can get a copy of the court papers filed in this case from the Petitioner at the address listed at the top of the preceding page, from the Clerk of the Superior Court's Customer Service Center at:

   Yuma County Justice Center
   Clerk of the Superior Court
   250 West 2nd Street, Suite B
   Yuma, Arizona 85364

5. If this is an action for dissolution (divorce), legal separation or annulment, either or both spouses may file a *Petition for Conciliation* for the purpose of determining whether there is any mutual interest in preserving the marriage or for Mediation to attempt to settle disputes concerning legal decision-making (custody) and parenting time issues regarding minor children.

6. Requests for reasonable accommodation for persons with disabilities must be made to the office of the judge or commissioner assigned to the case, at least ten (10) judicial days before your scheduled court date.

7. Requests for an interpreter for persons with limited English proficiency must be made to the office of the judge or commissioner assigned to the case at least ten (10) judicial days in advance of your scheduled court date.

SIGNED AND SEALED this date   FEB 1 7 2017   _____
                                              LYNN FAZZ, CLERK OF COURT

By_____JACKI HADLOCK_____
   Deputy Clerk