Charles A. Gulden
11802 E. 28th Place
Yuma, AZ 85367
Phone: 928-782-5182
Email: chasinyuma@hotmail.com

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CHARLES A. GULDEN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>NATIONAL SECURITY EXCHANGE, LLC;<br><br>　　　　Defendant. | Case No. CV-17-00875-PHX-DJH<br><br>**FIRST AMENDED COMPLAINT** |

## JURISDICTION AND VENUE

1. This claim arises from tort and is made pursuant to the federal Telephone Consumers Protection Act (TCPA), 47 U.S.C. §227, and its Federal Communications Commission (FCC) TCPA implementing regulation, 47 C.F.R. §1200.

2. Plaintiff, Charles A. Gulden, resides in Yuma County, Arizona. Defendant, National Security Exchange, LLC, is a Delaware corporation doing business as AutoCare that conducts business activities within or into the state of Arizona. All acts complained of herein occurred on Plaintiff's residential telephone located in Yuma County, Arizona.

## FACTUAL ALLEGATIONS

3. During the period of 6 December 2016 through 12 December 2016 Defendant, Defendant's agents or parties acting on behalf of the Defendant initiated 13 separate telephone calls to Plaintiff's residential telephone ending in 5182 for the purpose of soliciting for its extended auto warranty product.

4. Each of the complained of calls came from the phone number/Caller- ID of 928-433-

FIRST AMENDED COMPLAINT - 1

2086, from which Defendant's extended auto warranty product was marketed to Plaintiff.

5. Discussion by the Plaintiff with Defendant's sales agent at phone number 928-433-2086 confirmed that the calls were to market its extended auto warranty to the Plaintiff, and an agent or employee of the Defendant subsequently informed the Plaintiff that the calls were made internally from the Defendant's company.

6. Defendant, Defendant's agents or parties acting on behalf of the Defendant initiated the above cited calls using an artificial or prerecorded voice to deliver its message to Plaintiff regarding its products and services without Plaintiff's prior express consent.

7. When Plaintiff listened to Defendant's phone message he heard an artificial or prerecorded voice message.

8. Plaintiff heard distinctive 'click and pause' and other sounds and indications while listening to Defendant's message that were indicative of an "automatic telephone dialing system" ATDS.

9. Defendant, Defendant's agents or parties acting on behalf of the Defendant initiated the above cited calls utilizing an ATDS as defined by 47 U.S.C. § 227(a)(1) without Plaintiff's prior express consent.

10. Plaintiff is not a customer of Defendant and had not previously provided any personal information, including his home telephone number, to Defendant nor had Plaintiff purchased or used any goods or services offered by Defendant at any time prior to the calls that are complained of herein.

11. For more than thirty-one (31) days prior to Defendants' four (4) separately initiated calls to Plaintiff's residential telephone, Plaintiff's residential telephone number was registered on the national Do-Not-Call registry in which the federal government documents the telephone

FIRST AMENDED COMPLAINT - 2

numbers of persons who do not wish to receive such telephone solicitations.

12. The complained of calls to Plaintiff were unsolicited advertisements for the purpose of selling Defendant's extended auto warranty, since Plaintiff had not expected, desired or requested the calls and had not granted prior express invitation or permission for the calls to his telephone number.

13. The complained of calls constituted calls that were not for emergency purposes.

14. The complained of calls were an unwelcome annoyance, distraction and disturbance to Plaintiff and invasion of Plaintiff's privacy, unnecessarily occupying Plaintiff's telephone line and voicemail system and consuming Plaintiff's time and attention to receive and deal with them.

### TCPA VIOLATIONS 1-13

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. The foregoing calls initiated by or on behalf of Defendant constitute thirteen (13) separate negligent violations of the TCPA pursuant to 47 U.S.C. § 227(b)(1)(B).

17. The foregoing calls initiated by or on behalf of Defendant constitute knowing and/or willful violations of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages for each separate violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

### TCPA VIOLATIONS 14-26

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Independent of the violation cited above, the foregoing calls initiated by or on behalf of Defendant constitute an additional thirteen (13) separate negligent violations of the TCPA

FIRST AMENDED COMPLAINT - 3

pursuant to 47 U.S.C. § 227(c) and 47 C.F.R § 64.1200(c)(2), in that the calls were initiated to the Plaintiff's residential telephone number while it was registered on the national Do Not Call Registry.

20. The foregoing calls initiated by Defendant constitute knowing and/or willful violations of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages for each separate violation, pursuant to 47 U.S.C. § 227(c)(5)(C).

### TCPA VIOLATION 27-39

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Independent of the violations cited elsewhere in this Complaint, Defendant's failure to state clearly, at the beginning of the artificial or prerecorded voice messages, the identity of the business, individual, or other entity that was responsible for initiating the calls to Plaintiff's residential telephone constitutes an additional thirteen (13) separate violations of the TCPA pursuant to 47 U.S.C. § 227(d)(3)(A).

23. Defendant's foregoing failure to state clearly, at the beginning of the artificial or prerecorded voice message, the identity of the business, individual, or other entity that was responsible for initiating the calls to Plaintiff's residential telephone was willful, entitling Plaintiff to an award of $1,500.00 in statutory damages for each separate violation pursuant to 47 U.S.C. § 227(b)(3)(C).

### TCPA VIOLATION 40

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. On 20 December 2016 Plaintiff made a specific request to Defendant's agent or

FIRST AMENDED COMPLAINT - 4

employee for Plaintiff's telephone number to be added to Defendants' internal Do Not Call list, and Plaintiff specifically requested that a copy of the Defendant's written policy for maintaining a Do Not Call list be made available to him.

26. Defendant's agent or employee stated that Defendant had no written policy for maintaining a Do Not Call list, and subsequent to Plaintiff's foregoing requests Defendant has not provided or made available the requested copy of its written policy to Plaintiff.

27. Independent of the violations cited elsewhere in this Complaint, Defendant's failure to establish and implement written procedures to comply with the national Do Not Call rules and provide or make available upon demand a copy of its written policy for maintaining a Do Not Call list to the Plaintiff constitute willful violations of 47 C.F.R. § 1200(c)(2)(i)(A) and 47 C.F.R. § 1200(d)(1), entitling Plaintiff to an award of $1,500.00 in statutory damages pursuant to 47 U.S.C. § 227(c)(5)(C).

### TCPA VIOLATION 41

28. Independent of the violations cited elsewhere in this Complaint, Defendant's numerous and multiple violations of the TCPA in respect to the Do Not Call implementing regulations within 47 C.F.R. §1200 indicate that Defendant has failed to train its personnel or others acting on its behalf in procedures established pursuant to the National Do Not Call Registry and rules, pursuant to 47 U.S.C. 227(c)(2), 47 C.F.R. §1200(c)(2)(i)(B) and 47 C.F.R. §1200(d)(2).

29. Defendant's failure to train its personnel and any entity assisting in its compliance in procedures established pursuant to the national Do Not Call Registry and rules constitutes knowing and willful violation of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages, pursuant to 47 U.S.C. § 227(c)(5)(C).

FIRST AMENDED COMPLAINT - 5

## RELIEF REQUESTED

30. Plaintiff seeks monetary damages based on treble the amount of Five Hundred Dollars ($500.00) for each of the forty-one (41) separate TCPA violations complained of herein in the total amount of Sixty-one Thousand Five Hundred Dollars ($61,500.00). Plaintiff further claims post judgment interest, court costs and other expenses in connection with this case.

## JURY DEMAND

31. Plaintiff respectfully requests trial by jury.

Dated this 10th day of April, 2017.

_____
Charles A. Gulden

## Certificate of Service

I hereby certify that on this 10th day of April, 2017, I am providing copies of the foregoing Amended Complaint by U.S. First Class Mail to the following:

1. Dominica J. Minore, Attorney for National Security Exchange, LLC
   Law Offices of Dominica J. Minore, P.C.
   9375 E. Shea Blvd, Suite 100
   Scottsdale, AZ  85260

2. Corporation Trust Company, Registered Agent
       for Ensurety Administrative Services, Inc.
   1209 Orange Street
   Wilmington, DE  19801

By: _____
     Charles A. Gulden

FIRST AMENDED COMPLAINT - 6